UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SCIENTIFIC APPLICATIONS & RESEARCH ASSOCIATES (SARA), INC., SARA, v. ZIPLINE INTERNATIONAL, INC., Defendant. | Case No. 22-cv-04480-JSC<br><br>**ORDER RE: ZIPLINE'S MOTION TO STRIKE SARA'S UNCLEAN HANDS AFFIRMATIVE DEFENSE AND SARA'S MOTIONS TO ENFORCE NONPARTY SUBPOENAS**<br><br>Re: Dkt. Nos. 122, 126, 127, 128, 129 |
|---|---|

SARA sues Zipline for alleged infringement of U.S. Patent No. 7,606,115 (the '115 patent) and trade secret misappropriation. (Dkt. No. 86.)[1] Before the Court is Zipline's motion to strike SARA's "unclean hands" affirmative defense to Zipline's inequitable conduct counterclaims, (Dkt. No. 122), SARA's motion to enforce the nonparty subpoena addressed to Sequoia Capital Operations, LLC (Sequoia Capital), and SARA's motion to enforce the nonparty subpoenas issued to Katalyst Ventures Warehouse GP, LLC (Katalyst Ventures) and AH Capital Management, LLC (AH Capital). (Dkt. Nos. 122, 127, 129.) Having carefully considered the briefing, and with the benefit of oral argument on August 22, 2024, the Court STRIKES without leave to amend SARA's "unclean hands" affirmative defense because Zipline's alleged failure to disclose material references during patent prosecutions not at issue in this action is unrelated to SARA's alleged failure to disclose material references during the '115 patent's prosecution. SARA's motions to enforce nonparty subpoenas are DENIED for failure to establish the relevance of the requested additional material. The administrative sealing motions are GRANTED because

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

the nonparties have established good cause for the sealing of the identified materials.

## DISCUSSION

### I. Motion to Strike

#### A. Relevant Procedural History

SARA alleges Zipline infringes SARA's '115 patent, misappropriated SARA's trade secrets, and breached a nondisclosure agreement between the parties. (Dkt. No. 86.) Zipline asserts six counterclaims against SARA, all of which seek to invalidate the '115 patent on the grounds SARA engaged in inequitable conduct by failing disclose various references to the United States Patent and Trademark Office (Patent Office) during the '115 patent's prosecution. (Dkt. No. 90 at 4 ¶ 8, at 113-19 ¶¶ 104-56.) SARA pleads a single affirmative defense for "unclean hands" against Zipline's counterclaims:

> Zipline's claims for unenforceability due to inequitable conduct should be denied under the doctrine of unclean hands in view of Zipline's own failure to disclose each of the identified references or any material information regarding this litigation during prosecution of its own patent applications covering subject matter identical to that of the '115 patent.

(Dkt. No. 115 at ¶ 158.) Zipline now moves to strike SARA's "unclean hands" affirmative defense. (Dkt. No. 122.)

#### B. Legal Standard

Under Rule 12(f)(2) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). "A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense." *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case." *Id.* (cleaned up). "Although motions to strike are generally disfavored, the purpose of Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Il Fornaio (Am.)*

1  *LLC v. Arthur J. Gallagher Risk Mgmt. Servs., LLC*, No. C 23-04378 WHA, 2024 WL 1199414, at
2  *1 (N.D. Cal. Mar. 20, 2024) (cleaned up).

3  While the Ninth Circuit has not yet ruled on the issue, "courts in this district continue to
4  require affirmative defenses to meet" the standards set forth in *Bell Atl. Corp. v. Twombly*, 550
5  U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Fishman v. Tiger Nat. Gas Inc.*,
6  No. C 17-05351 WHA, 2018 WL 4468680, at *2-3 (N.D. Cal. Sept. 18, 2018) (cleaned up); *see
7  also Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 574 (N.D. Cal. 2016)
8  (collecting cases). So, "[w]hile a defense need not include extensive factual allegations in order to
9  give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Perez v.
10 Gordon & Wong Law Grp., P.C.*, No. 11–03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar.
11 26, 2012). For SARA's "unclean hands" affirmative defense to survive, its factual bases must
12 raise a plausible right to relief. *Twombly*, 550 U.S. at 554-56. Though the Court must accept
13 SARA's factual allegations as true, conclusory assertions are insufficient to state a claim. *Iqbal*,
14 556 U.S. at 678. A claim is facially plausible when the plaintiff pleads enough factual content to
15 justify the reasonable inference the defendant is liable for the misconduct alleged. *Id*. However,
16 "this standard is not a high one: [SARA] need only point to the existence of some identifiable fact
17 that if applicable would make the affirmative defense plausible on its face." *Ear v. Empire
18 Collection Authorities, Inc.*, No. 12-1695-SC, 2012 WL 3249514, at *1 (N.D. Cal. Aug. 7, 2012)
19 (cleaned up).

20 In resolving a motion to strike, the pleadings must be viewed in the light most favorable to
21 the nonmoving party. *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal.
22 2004). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the
23 district court." *Cruz v. Bank of New York Mellon*, No. 12-CV-00846-LHK, 2012 WL 2838957, at
24 *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th
25 Cir. 2010)).

26 **C. Analysis**

27 SARA's unclean hands defense requires it allege: (1) inequitable conduct by Zipline and
28 (2) that Zipline's inequitable conduct relates to the subject matter of Zipline's counterclaims

United States District Court
Northern District of California

against SARA. *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 870 (9th Cir. 2002). SARA has not sufficiently shown Zipline's alleged misconduct is relevant to Zipline's inequitable conduct counterclaims.

First, SARA's affirmative defense must be stricken because it fails to give fair notice to Zipline of the basis of its defense. While the affirmative defense alleges Zipline engaged in misconduct by failing to disclose "identified references or any material information regarding this litigation ***during prosecution of its own patent applications*** covering subject matter identical to that of the '115 patent" (Dkt. No. 115 ¶ 158 (emphasis added)), SARA inexplicably contends it has never alleged "inequitable conduct before the [Patent Office]" against Zipline. (Dkt. No. 125 at 7.) But the only conduct the unclean hands affirmative defense identifies is fraudulent conduct before the Patent Office; namely, Zipline's failure to disclose material references to the Patent Office during prosecution of its own patent applications. So, if not conduct before the Patent Office, what, then, is the conduct SARA alleges underlies its unclean hands defense?

Second, and more importantly, SARA's affirmative defense is based on Zipline's prosecution of patent applications not at issue in this lawsuit; indeed, Zipline's applications have not even resulted in patents yet. So, Zipline's alleged conduct is unrelated to Zipline's counterclaims, which involve SARA's prosecution of the '115 patent. As to SARA's unclean hands defense, "what is material is not that [Zipline]'s hands are dirty, but that [Zipline] dirtied them in acquiring the right [Zipline] now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against [SARA]." *In re Rodriguez*, No. 21-60018, 2022 WL 17729254, at *2 (9th Cir. Dec. 16, 2022). Zipline's inequitable conduct counterclaims alleging SARA failed to disclose material references to the Patent Office is not premised on or related to Zipline's own disclosures to the Patent Office for patent applications not asserted in this litigation. SARA fails to identify any authority even remotely suggesting Zipline's alleged failure to disclose certain references in connection with patent applications not at issue in this litigation could excuse Zipline's inequitable conduct regarding the patent it asserts in this litigation. This Court declines to be the first to so broadly interpret an unclean hands defense in patent litigation.

SARA's reliance on *Luv N' Care, Ltd. v. Laurain*, 98 F.4th 1081 (Fed. Cir. 2024), is

misplaced. There, the parties litigated infringement and enforceability of EZPZ's '903 patent. *Id.* at 1092. Following a bench trial, the trial court held the '903 was unenforceable based on EZPZ's unclean hands. The Federal Circuit affirmed.

> In finding unclean hands, the district court thoroughly analyzed EZPZ's misconduct. For example, the district court found that EZPZ failed to disclose to LNC patent applications related to the '903 patent until well after the close of fact discovery and dispositive motion practice, and in some cases, only when required by court order, all without any good faith justification for its delay. In particular, EZPZ failed to disclose U.S. Patent Application No. 15/700,403 (the "'403 application"), the prosecution of which involved claim construction relevant to a disputed claim term also found in the '903 patent.
>
> The district court additionally found that EZPZ tried to block LNC's efforts to discover Ms. Laurain's prior art searches by falsely claiming she had conducted no such searches and that all responsive documents had been produced. It further found that EZPZ witnesses – including Ms. Laurain and Jordan Bolton, EZPZ's former outside counsel – repeatedly gave purposefully evasive testimony during depositions and at trial. In particular, according to the district court, Ms. Laurain repeatedly provided false testimony that was directly contradicted by other contemporaneous evidence.

*Id.* at 905. EZPZ's unclean hands involved the patent it was seeking to enforce; its misconduct in the litigation seeking to enforce the patent barred the relief it sought. So, *Luv N' Care* does not support SARA's unprecedented assertion conduct involving (unripe) rights not involved in the litigation can excuse the opposing party's misconduct involving patent rights asserted in the litigation.

Accordingly, Zipline's motion to strike SARA's unclean hands affirmative defense is GRANTED. At oral argument the Court asked SARA what facts it could allege if leave to amend were granted. Because SARA failed to identify any facts that could render its unclean hands defense to Zipline's inequitable conduct counterclaims potentially plausible, SARA's unclean hands affirmative defense is STRUCK without leave to amend.

**II.     Motions to Enforce Nonparty Subpoenas**

SARA moves to enforce nonparty subpoenas against Sequoia Capital, Katalyst Ventures, and AH Capital, venture capital firms that invested in Zipline. (Dkt. Nos. 127, 129.)

Rule 45 governs discovery of nonparties by subpoena. Fed. R. Civ. P. 45. The scope of discovery under Rule 45 is the same as under Rule 26(b). Fed. R. Civ. P. 45 Advisory Comm.'s

1  Note (1970); Fed. R. Civ. P. 34(a). Under Rule 26(b),

> parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006) (cleaned up). A court may limit discovery if "the discovery sought" is "obtainable from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 45(c)(3)(A)(iv); Fed. R. Civ. P. 26(b)(2)(C). Discovery may also be limited to "protect third parties from harassment, inconvenience, or disclosure of confidential documents." *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980). "Thus, a court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Gonzales*, 234 F.R.D. at 680. "[T]he information requested from a non-party should be narrowly drawn to meet specific needs for information." *Waymo LLC v. Uber Techs., Inc.*, No. 17-CV-00939-WHA(JSC), 2017 WL 2929439, at *3 (N.D. Cal. July 7, 2017) (cleaned up).

In response to the subpoenas, the third-party investors produced their memoranda documenting the reasons for their investments. SARA seeks more; it wants the documents the investors relied upon in assessing Zipline's value, as well as additional analyses.

SARA fails to carry its burden of showing the additional documents it seeks are relevant to "liability, patent validity, independent economic value, damages, injunctive relief, and corrective advertising for unfair competition." (Dkt. No. 127 at 4, 13-14.) SARA argues the internal documents it requests "are likely to contain independent assessments, opinions, and analyses that were not produced by Zipline and are crucial for understanding how these investors valued Zipline's technology and intellectual property." (Dkt. No. 146 at 3.) "[T]hese materials will serve as important, independent bases for assessing the credibility of Zipline's arguments and various

6

forms of evidence (including financial materials) produced in this case." (*Id*. at 7.) As to the requested documents regarding opinions of counsel, SARA asserts these internal analyses are "relevant and necessary for understanding the investors' due diligence and their assessment of potential legal risks associated with Zipline's technology." (*Id*. at 6.)

        SARA has not persuasively explained how the third-party investors' independent evaluations of Zipline (let alone evaluations beyond what has been produced) are relevant to a claim or defense in this action. As another judge in this District has held in a patent infringement case seeking similar venture capital documents:

> What might be relevant is the actual "commercial success" that [the patentee] has enjoyed (or not enjoyed), as well as the actual data on other factors that may be considered when calculating a "reasonable royalty." The documents [the defendant] is seeking conceivably reflect a venture capital firm's opinions about and analysis of such information, but there is no reason to believe that [the venture capital firm] possesses any such information not publicly available or available in the documents produced by [the plaintiff], or that [the venture capital firm's] opinions and analysis are independently relevant.
>
> Put differently, it is reasonable to assume that in making its decision to invest in [the plaintiff], [the venture capital firm's] analysts may well have looked at and considered the very same types of information and data that a trier of fact-or the parties' respective expert witnesses-would consider when evaluating commercial success or a reasonable royalty. But there is nothing in the record to suggest that [the venture capital firm] had data or documents not available from [the plaintiff] or from public sources.

*Visto Corp. v. Smartner Info. Sys., Ltd.*, No. 06-80339 MISC RMW (RS), 2007 WL 218771, at *4 (N.D. Cal. Jan. 29, 2007). The *Visto* analysis squarely applies here.

        The only case SARA cites that addresses the production of investors' internal valuations of the alleged infringer held the investors should produce documents that show "(1) the extent to which [the defendants'] success is attributable to the particular component of the accused instrumentalities that [the plaintiff] alleges infringes its patents; (2) prior art; and (3) knowledge of the patents-in-suit." *In re Google Litig.*, No. C 08-03172 RMW PSG, 2011 WL 6113000, at *3 (N.D. Cal. Dec. 7, 2011). But SARA does not seek documents related to prior art or knowledge, and the third parties represent there are no analyses of the technology at issue.

        At oral argument SARA insisted the third-party investors' analyses of Zipline's revenue

7

1    projections are relevant to damages because Zipline's own projections are likely inflated.

2    However, SARA never ties that argument to any damage theory or claim or defense. *See Gilmore*

3    *v. Safe Box Logistics, Inc.*, No. 21-CV-06917 TLT (RMI), 2023 WL 361081, at *3 (N.D. Cal. Jan.

4    23, 2023) ("Relevance must be established with a concrete logical chain, as opposed to

5    speculation, guesswork or hopes and wishes as to what the documents or information *might*

6    reveal."). In any event, as the *Visto* court noted, so long as SARA has the same underlying data as

7    the investors—and there is nothing in the record to suggest SARA does not—the third-party

8    investors' projections are irrelevant.

9        Because SARA fails to establish the relevance of the additional documents it seeks to

10   compel from the nonparties, SARA's motions to enforce the nonparty subpoenas are DENIED.

11   **III.   Administrative Motions to Seal**

12       SARA filed three administrative motions to file nonparty documents under seal in

13   connection with its motions to enforce nonparty subpoenas against Sequoia Capital, Katalyst

14   Ventures, and AH Capital. (Dkt. Nos. 126, 128, 148.) SARA should have filed these motions as

15   administrative motions to consider whether another party's material should be sealed. *See* N.D.

16   Cal. Civ. L.R. 79-5(f). In any event, the nonparties establish good cause to seal the identified

17   documents.

18       "It is clear that the courts of this country recognize a general right to inspect and copy

19   public records and documents, including judicial records and documents." *Ctr. for Auto Safety v.*

20   *Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (cleaned up). So, "we start with a strong

21   presumption in favor of access to court records." *Id*. (cleaned up). "Despite this strong preference

22   for public access, we have carved out an exception for sealed materials attached to a discovery

23   motion unrelated to the merits of a case." *Id*. at 1097 (cleaned up). Under this exception, a party

24   seeking to seal a judicial record must show "good cause" for the record's sealing. *Id*. "The good

25   cause standard requires a particularized showing that specific prejudice or harm will result if the

26   information is disclosed." *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-

27   WHO, 2020 WL 597630, at *21 (N.D. Cal. Jan. 17, 2020) (cleaned up) (quoting *Phillips ex rel.*

28   *Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)).

The Ninth Circuit's good cause standard applies to the materials the nonparties seek to seal because the materials are attached to discovery motions unrelated to the merits of the case. The parties have established good cause to seal the identified documents because they reflect the nonparties' internal business analyses. *See, e.g.*, *Bos. Ret. Sys. v. Uber Techs., Inc.*, No. 19-CV-06361-RS (DMR), 2024 WL 665647, at *8 (N.D. Cal. Feb. 16, 2024) (granting motion to seal under the good cause standard to seal discovery documents attached to nondispositive motions "because they reflect legal, business, accounting, and regulatory analyses[.]"); *Lyft, Inc. v. AGIS Software Dev. LLC*, No. 21-CV-04653-BLF, 2022 WL 1505879, at *2 (N.D. Cal. Apr. 7, 2022) ("The Court finds that AGIS Software has shown good cause to file the documents and portions of documents at issue under seal given the sensitive financial and business information they contain.").

Accordingly, the administrative sealing motions are GRANTED, and the identified documents will remain under seal.

**CONCLUSION**

The Court STRIKES without leave to amend SARA's "unclean hands" affirmative defense because Zipline's alleged failure to disclose material references during patent prosecutions not at issue in this action is unrelated to SARA's alleged failure to disclose material references during the '115 patent's prosecution. SARA's motions to enforce nonparty subpoenas are DENIED for failure to establish the relevance of the requested material. The administrative sealing motions are GRANTED because the nonparties have established good cause for the sealing of the identified materials.

This Order disposes of Docket Nos. 122, 126, 127, 128, 129.

**IT IS SO ORDERED.**

Dated: August 23, 2024

JACQUELINE SCOTT CORLEY
United States District Judge