UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCIENTIFIC APPLICATIONS & RESEARCH ASSOCIATES (SARA), INC.,<br><br>Plaintiff,<br><br>v.<br><br>ZIPLINE INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 3:22-cv-04480-JSC<br><br>**ORDER RE: NON-PARTY SEQUOIA CAPITAL OPERATIONS, LLC'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. No. 160 |

SARA sues Zipline for alleged infringement of U.S. Patent No. 7,606,115 (the '115 patent) and trade secret misappropriation. (Dkt. No. 86.)[1] Before the Court is third-party Sequoia's motion for attorney's fees and costs incurred in responding to SARA's third-party subpoena and motion to compel, and in bringing this motion for fees. (Dkt. No. 160.) After carefully considering the parties' written submissions, the Court DENIES Sequoia's motion for attorney's fees and costs.

**BACKGROUND**

Sequoia claims it incurred costs due to (1) SARA's overly broad and burdensome subpoena, (2) SARA reneging on agreements concerning the subpoena, and (3) the need to respond to a meritless motion to compel.

SARA initially subpoenaed Sequoia on June 30, 2023, requesting Sequoia's documents relating to its valuation of Defendant Zipline. (Dkt. No. 127-1 at 4-6.) In response, Sequoia informed SARA of SARA's need to first attempt to obtain the information from Zipline directly. (*Id*. at 71.) SARA then exhausted efforts to obtain any overlapping documents from Zipline. (*Id*.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1   After failing to obtain the documents at issue from Zipline, SARA reestablished contact with
2   Sequoia on May 10, 2024, requesting a meet and confer approximately two months before the
3   close of discovery. (*Id*. at 71-73.) To help narrow its request, SARA identified six key exemplary
4   documents responsive to the subpoena and Sequoia agreed to produce one document which, upon
5   review, SARA alleged did not satisfy its subpoena. (*Id*. at 78.)

With two days remaining in fact discovery, Sequoia offered a "small production" of materials without explanation for what they would include or when they would be produced aside from "this week." (*Id*. at 77.) Although SARA offered its availability to hold a final meet and confer over the course of the two remaining days of fact discovery, Sequoia instead produced the small production of materials previously referenced and made themselves available for another meet and confer after the close of fact discovery. (*Id*. at 76-77.) SARA still did not believe Sequoia had satisfied its obligations, and with fact discovery now closed, it filed a motion to compel, which the Court denied because SARA did not "persuasively explain[] how the third-party investors' independent evaluations (let alone evaluations beyond what has been produced) are relevant to a claim or defense in this action." (*Id*. at 75-76; Dkt. No. 153 at 1, 7.) Sequoia thereafter filed the now pending Motion for Attorney's Fees and Costs. (Dkt. No. 160.)

## DISCUSSION

Rule 45 of the Federal Rules of Civil Procedure governs sanctions on parties serving third-party subpoenas:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed. R. Civ. Proc. 45(d)(1). Despite this broad language, "[m]erely losing a motion to compel does not expose a party to Rule 45 sanctions." *Legal Voice v. Stormans Inc*., 738 F.3d 1178, 1185 (9th Cir. 2013). And, while failure to narrowly tailor a subpoena may make sanctions appropriate, "the district court need not impose sanctions every time it finds a subpoena overbroad; such overbreadth may sometimes result from normal advocacy, which we have said should not give rise to sanctions." *Id.* But a court may "impose sanctions when a party issues a subpoena in bad faith,

for an improper purpose, or in a manner inconsistent with existing law.'" *Id.*; *see also Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429 (9th Cir. 2012*)* (holding that "absent undue burden imposed by an oppressive subpoena, a facially defective subpoena, or bad faith on the part of the requesting party, Rule 45(c)(1) sanctions are inappropriate.")  For example, a party may issue a subpoena in a manner inconsistent with existing law if it does not "'follow the subpoena procedures in Rule 45,' such as failure to notify opposing counsel of the subpoenas or requesting information that is wholly irrelevant under any legal theory." *Fujikura*, 2015 WL 5782351, at *8 (quoting *Mount Hope Church*, 705 F.3d at 428).  In every circumstance, however, the court should place "more emphasis on the recipient's burden than on the issuer's motives." *Mount Hope Church*, 705 F.3d at 428-29.  A district court has discretion whether to issue sanctions pursuant to Rule 45(d)(1).  *See Legal Voice*, 738 F.3d at 1185.

In sum, Rule 45(d)(1) sanctions are discretionary and require evidence of an "undue burden imposed by an oppressive subpoena, a facially defective subpoena, or bad faith on the part of the requesting party." *Id*.; *Mount Hope Church*, 705 F.3d at 429.

1. **Sequoia is Not Entitled to Fees for Responding to SARA's Subpoena**

Sequoia argues SARA's subpoena was overbroad because it contained requests which "should have [been] directed to the other party in this action, Zipline." (Dkt. No. 160 at 6.)  But while SARA served the subpoena on Sequoia before seeking documents from Zipline, once Sequoia objected, and before Sequoia responded to the subpoena, SARA attempted to first compel the documents from Zipline:

> Consistent with the case law in your objections, we have attempted to obtain these documents from Zipline…Zipline has either claimed that it does not have such documents in its possession, or has chosen not to produce such documents, leaving us with no further recourse but to obtain the requested documents from you.

(Dkt. No. 127-1 at 71.)  Sequoia's reliance on *Moon v. SCP Pool Corp.* is unpersuasive because there the court granted the third party's motion to quash because the plaintiff did not first attempt to obtain the documents from the defendant.   232 F.R.D. 633, 638 (C.D. Cal. 2005); *see also In re Subpoena to Apple Inc.*, No. 3:13-CV-254-MOC-DSC, 2014 WL 2798863, at *3 (N.D. Cal. June

3

19, 2014) (denying motion to compel because the plaintiff did not provide "any reason why it [could not] obtain the requested information from [the defendant].").

*Duong v. Groundhog Enterprises, Inc.*, does not persuade the Court either. No. 19-CV-01333 DMG-MAA, 2020 WL 2041939 at *7 (C.D. Cal. 2020). As explained above, SARA attempted, albeit belatedly, to obtain the subpoenaed information from Zipline, and only upon not receiving it did they turn (again) to Sequoia. (*See* Dkt. No. 127-1 at 71.) Further, in *Duong* the court found sanctions appropriate based on a declaration offering *specific* evidence of the undue burden the subpoena imposed on the third party. *See* 2020 WL 2041939 at *9. This evidence included details such as the time required to locate and produce documents, the number of employees involved, the estimated cost, and the volume of transaction records. *Id*. By contrast, Sequoia's claims of burden rely solely on vague, conclusory statements, lacking similar detailed support. (*See* Dkt. No. 160-1 at 2-5.)

### 2. Sequoia is not Entitled to Fees for Opposing the Motion to Compel

Sequoia next argues it is entitled to fees for opposing SARA's motion to compel under Rule 45 because "SARA was unable to explain how Sequoia's internal valuations were relevant to this litigation in any way." (Dkt. No. 160 at 6.) However, the Ninth Circuit has interpreted Rule 45(d)(1) sanctions as applying primarily to reimburse a non-party's costs incurred in *complying* with a subpoena, not merely *litigating* a motion to quash. *See Mount Hope Church*, 705 F.3d at 427 ("Our only Rule 45 [ ] sanction-specific case interprets 'undue burden' as the burden associated with compliance … The burdens of complying with the subpoena are the ones that count." (citation omitted)).

Alternatively, Rule 37(a)(5)(b) is directed at sanctions for "reasonable expenses incurred in opposing [a motion to compel], including attorney's fees." However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id*. Indeed, the order denying SARA's motion to compel does not indicate the requested information is "wholly irrelevant under any legal theory." *Fujikura*, 2015 WL 5782351, at *8. Instead, the order holds SARA failed to meet its burden to explain why the requested

4

information was relevant, not that the information could never be relevant. So, the Court declines to award Sequoia its fees for opposing the motion to compel.

Sequoia's reliance on *In re NCAA Student-Athlete Name & Likeness Licensing Litigation* is misplaced. Nos. 09-cv-01967 CW (NC), 11-mc-80300 CW (NC), 11-mx-80020 CW (NC), 2012 WL 4846522 (N.D. Cal. 2012). There, "plaintiffs' counsel did not take reasonable steps at compromise and ended the meet-and-confer process prematurely before filing the motions to compel." *NCAA*, 2012 WL 4846522 at *1. In the order denying the plaintiff's motion to compel, the court imposed sanctions "on a party serving an overly broad subpoena on a nonparty when, in part, 'no attempt had been made to try to tailor the information request to the immediate needs of the case.'" *In re NCAA*, 2012 WL 629225 at *8 (quoting *Mattel* 353 F.3d at 813). In particular, the court first found the plaintiffs "did not take advantage of the discovery they obtained from other sources in tailoring their document requests," which evidenced the plaintiff failing to take reasonable steps to avoid imposing an undue burden. *Id*. Here, in contrast, SARA *did* attempt to tailor its document requests based on seeking discovery from Zipline but was unsuccessful in obtaining any documents. (*See* Dkt. No. 127-1 at 71.) Similarly in *NCAA*, the plaintiff's "unwillingness to compromise during the meet-and-confer process" and prematurely ending negotiations with respect to scope "by stating that further efforts to meet and confer 'would be fruitless'" also weighed in favor of granting sanctions. *Id*. Here, despite Sequoia's arguments to the contrary, both parties' counsel were actively communicating in good-faith regarding potential meet-and-confers and Sequoia declined to have a final meet-and-confer prior to SARA filing the motion to compel. (*See* Dkt. No. 168 at 4; Dkt. No 127-1 at 75-89.)

Sequoia's reliance on *Glass Egg Digital Media v. Gameloft, Inc*. to argue the subpoena's breadth "did not result from normal advocacy" also fails to persuade the Court sanctions are warranted. No. 17-CV-04165 MMC-RMI, 2020 WL 906714 at *11 (N.D. Cal. Feb. 25, 2020); (Dkt. No. 168 at 4.) In *Glass Egg*, the plaintiff's counsel had previously unsuccessfully argued that a third-party was the defendant's alter ego. *Id*. at *5. Then, despite the court's jurisdictional discovery order to the contrary, the plaintiff's counsel continued to conflate the third-party with the defendant as its defense to its overbroad subpoenas. *Id*. at *10. In response, the court found

the "[p]laintiff was unhappy with the rejection of its alter-ego argument…[and] sought to secure broad based discovery…through third parties without regard for the limits imposed by [a] Jurisdictional Discovery Order." *Id*. at *11. Unlike *Glass Egg*, SARA does not have an alternative motive to "purposefully [craft subpoenas] to avoid the limits of jurisdictional discovery" or any other previous court order. *Id*. SARA's conduct is not close to the abnormal advocacy of the *Glass Egg* plaintiff.

In sum, Sequoia is also not entitled to fees for responding to the motion to compel. First, Sequoia incorrectly attempts to compel Rule 45 sanctions when Rule 45 sanctions are for costs to comply with a subpoena, not contest it. Further, even considering sanctions under Rule 37, sanctions are unwarranted because an award would not be just under the circumstances.

## CONCLUSION

For the reasons described above, and in the exercise of its discretion, the Court DENIES Third-Party Sequoia's motion for attorney's fees and costs.

This Order disposes of Docket No. 160.

**IT IS SO ORDERED.**

Dated: December 6, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge