UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCIENTIFIC APPLICATIONS & RESEARCH ASSOCIATES (SARA), INC., <br><br>Plaintiff,<br><br>v.<br><br>ZIPLINE INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 22-cv-04480-JSC<br><br>**ORDER RE: SEALING OF THE COURT'S PRIOR ORDERS**<br><br>Re: Dkt. Nos. 258, 261 |

The Court previously ruled on the parties' cross motions for summary judgment and *Daubert* motions, and provisionally docketed its Orders under seal, granting the parties the opportunity to designate which portions of the Orders should remain sealed. (Dkt Nos. 257, 258, 260, 261.)[1] SARA did not designate any portions of the Orders for sealing and Zipline seeks to seal portions of both motions. (Dkt. Nos. 259, 265.) The Court now GRANTS in part and DENIES in part Zipline's designations to seal portions of the Court's Orders.

The Court begins with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Zipline successfully identifies limited sentences in the Court's Orders that contain confidential information about the development and functions of its drone technology. As to these limited designations, the Court GRANTS Zipline's request to seal.

But Zipline also requests sealing of portions of the Orders regarding matters uninhibitedly discussed in open court and which it did not seek to seal in its motion for summary judgment. (*Compare* Dkt. No. 193 at 34 ("The Court should grant summary judgment of noninfringement for

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

the accused P2 system because SARA has no evidence that there is any working P2 system at all that includes acoustic DAA, let alone one that infringes any claim of the '115 patent."); *with* Dkt. No. 259 at 2 (seeking to seal Mr. Ananda's testimony that the P2 drone is not currently operating a detect-and-avoid system); *and compare* Dkt. No. 255 at 51:14-21 (Zipline counsel discussing P1's lack of RPKF filter; *with* Dkt. No. 259 at 2 (seeking to seal some, but not all, discussions about P1's lack of an RPKF filter).)  At other times, Zipline seeks to seal certain sentences discussing allegedly confidential technology but not other near-identical sentences.  For these reasons, as to these designations, Zipline has not demonstrated compelling reasons to keep certain portions of the Court's Orders under seal.  *See* Civ. L.R. 79–5(d) (requiring parties to "narrowly tailor" their requests only to the sealable material); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) ("[A] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard.") (cleaned up).

As set forth below, the Court denies Zipline's requests when it failed to meet its burden to show the Orders reveal competitively damaging information sufficient to outweigh the presumption of public access to judicial records.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (cleaned up)

| Dkt. No. | Portion(s) Sought to be Sealed | Ruling |
| --- | --- | --- |
| 257 (Order on Cross-Motions for Summary Judgment) | 3:16-20 | **Granted.**  Zipline's Interrogatory responses address information not publicly discussed or available regarding its DAA technology. |
| | 12:27-28; 13:2-5 | **Granted.**  Zipline's non-public communications with the FAA contain confidential information about its DAA technology and its regulatory strategy. |
| | 13:7-8 | **Denied.**  This information was the basis of Zipline's summary judgment motion on non-infringement and was discussed at length in open court. |
| | 14:20-22 | **Granted.**  Zipline's non-public, internal document discussing the configuration of its P2 drones contains confidential information. |

2

| | 15:7-10 | **Granted.** Zipline's expert's opinions about the functioning of parts of its technology contains confidential information about the functioning of its drones. |
|---|---|---|
| | 15:11-12; 15:17 15:24-25 | **Denied in Part.** Lines 11-12 contain statements and arguments openly discussed at public hearings and which were not sealed in Zipline's motion for summary judgment. (Dkt. No. 193 at 43-44.) Line 17 contains Zipline's argument that was discussed in open Court and is not a statement of fact but of legal argument.<br><br>**Granted in Part.** Line 25 contains information about the functioning of the RPKF filter that contains confidential information. |
| 260 (Order on *Daubert* Motions) | 5:16-26 | **Granted.** Quotations from Mr. Baden's opening report contain confidential information about the functions of Zipline's DAA technology. |
| | 6:10-11; 6:23; 6:27 | **Denied.** At lines 10-11, the Court does not attach figures 3 and 4, so there is no confidential information disclosed. At lines 23 and 27, Zipline has not explained how these lines contain any confidential information. To the extent they discuss MVDR technology, similar statements are made previously in the preceding paragraphs which Zipline did not seek to seal. Further, Mr. Baden's own testimony which disclaims any conclusions about how Zipline's drones actually function defeats the argument this testimony contains confidential information. |
| | 7:8-10; 7:12 7:14 7:20 | **Denied.** The Court's descriptions of what Mr. Baden opines are generalized and do not themselves disclose how Zipline's technology functions. Further, Zipline does not specify which portions of lines 12, 14, or 20 it seeks to seal. And again, Zipline's assertions are belied by the portions of the Order it does not seek to seal. |
| | 13:20-21 | **Denied.** This sentence contains statements and arguments openly discussed at public hearings and which were not sealed in Zipline's motion for summary judgment. (Dkt. No. 193 at 43-44.) |

The Court notes this Order only applies to sealing its Orders at Docket Nos. 257 and 260. To the extent the parties seek to seal the underlying documents cited in the Orders themselves,

3

they must comply with the Court's recent Order regarding sealing of documents.  (Dkt. No. 267.)

This Order disposes of Docket Nos. 258, 261.

**IT IS SO ORDERED.**

Dated: April 11, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge